Beach *v.* Hungerford.

———— • —————

## BEACH *vs.* HUNGERFORD and HACKLEY.

The defendants made a contract with a rail road company, to build a portion of their road. They also agreed to pay their laborers, and indemnify the rail road company, who might retain enough to pay them. D. became a sub-contractor under the defendants, to build a portion of the road, and agreed to pay his laborers, and that if he failed to do so, the defendants might retain sufficient to pay them. D. employed a number of laborers, and finally stopped work, leaving them unpaid. The laborers thereupon took measures, and served notices, under the statute, to charge the rail road company for their labor.

Beach *v.* Hungerford.

The defendants then requested D. to procure from the plaintiff his bills against the laborers, for supplies furnished them, and he did so. The defendants thereupon paid to the laborers the amounts due them from D., deducting the amounts owing by them respectively to the plaintiffs, and agreed to pay the plaintiff the amount of his bills against the laborers, so deducted; D. and the plaintiff assenting to this, and the laborers being discharged from their liability therefor. *Held,* that this undertaking was not within the statute of frauds, but was a valid and binding agreement, and would support an action against the defendants.

*Held also,* that the defendants were liable to the plaintiff for money had and received to his use; and that they might, moreover, be held liable, as purchasers or assignees of the accounts, from the plaintiff; and this, whether they were originally liable to the laborers or not; it being sufficient that they had voluntarily acknowledged the obligation, and had made use of the accounts.

APPEAL by the defendants from a judgment entered upon the report of a referee. The referee reported that he found the following facts: That the defendants made a contract with the Lake Ontario, Auburn and New York Rail Road Company, to build a portion of their road. By this contract the defendants agreed to pay their laborers and indemnify the rail road company, who might retain, under the direction of the engineer, enough to pay them. That William A. Deland was a subcontractor under them to build a portion of said road, and Deland agreed to pay his laborers; and that the defendants might retain sufficient to pay them, if he did not. That Deland employed a number of laborers on his section, and stopped work on the 18th day of June, 1853, leaving his laborers unpaid. That the laborers thereupon took measures, and served notices, under the statute, to charge the rail road company for their labor, and in some cases brought suits for the same. That it had been the practice of the plaintiff to furnish supplies and provisions for the laborers, and for the contractors to pay his bills, deducting the amount so paid, from the laborers' bills, on paying them. That after such measures were taken to charge the rail road company for labor, the defendants requested Deland to procure the plaintiff's bills against the laborers for supplies, and he did so. That thereupon the laborers were called together, and the defendants and their agent paid the laborers their bills, deducting the amount due by them respectively to the plaintiff,

and agreed to pay the plaintiff his bills against the laborers, so deducted, Deland and the plaintiff assenting to this, and the laborers understanding that their bills to the plaintiff were provided for, and themselves discharged therefrom. The referee considered the facts as amounting to, or tantamount to this: that all the parties, that is, the defendants, the plaintiff, Deland and the laborers, agreed together, that the laborers should deduct from their bills, for labor, the amount owing by them respectively to the plaintiff, and accept the balance in full payment and discharge; that the defendants should pay to them such balance, and also pay up such bills of the laborers to the plaintiff; and that the plaintiff should look to the defendants alone for the payment of his bills, and the laborers be discharged therefrom; that such was the substance and effect of the transaction, which was consummated accordingly, all except the payment of the plaintiff. That the amount of the bills so owing by the laborers to the plaintiff, and so deducted by the defendants in paying the laborers, was $162.63. And the referee decided, as conclusions of law, that the promise of the defendants to pay the plaintiff was not within the statute of frauds, and needed not to be in writing; but that it was a new and independent agreement, founded on new and sufficient considerations, to wit, the furnishing of the plaintiff's bills at the defendants' request; the withholding by the defendants of a portion of the laborers' bills, and the acceptance by them of the balance by reason of the defendants' assumption of their bills to the plaintiff, and also on the whole transaction and agreement between all the parties interested. That it was in legal effect an accord and satisfaction of the plaintiff's claims against the laborers by the substitution of the defendants for the plaintiff's debtors, and that the laborers were thereby discharged from the bills. The referee therefore reported that the defendants were indebted to the plaintiff in the sum of $162.62, with interest and costs.

*J. R. Cox,* for the plaintiff.

*E. H. Avery,* for the defendants.

Beach *v.* Hungerford.

*By the Court,* JOHNSON, P. J.   I think the referee was right in holding that it was of no consequence in this action whether these laborers under Deland, the sub-contractor, had or had not a legal claim against the rail road company for their services. He was also right in his conclusions of law, that the case did not come within the statute of frauds, as he found the facts to exist. It appears from the evidence that Deland, who employed the laborers, was a sub-contractor under the defendants.   The defendants, in their contract with Deland, had the right to retain from him, in their own hands, moneys sufficient to pay the laborers he should employ.   They did retain a part of the money due to him for this purpose; but whether they retained enough to pay all they undertook to settle with, does not clearly appear, nor is it indispensable that it should.   They undertook to settle, and did in fact settle with seventeen of these laborers, for their services rendered to Deland.   Each of these laborers was indebted to the plaintiff, and the defendants, to enable themselves to pay off and satisfy the claims of these laborers, which they had undertaken to do, procured these bills of the plaintiff against them, with power to use them, and did actually use them, deducting the amount of the bill in each case as so much paid to the laborer.   The presumption is, I apprehend, that inasmuch as they undertook to retain funds they retained a sufficient amount, unless the contrary is shown.   But it is unnecessary to resort to that in this case.   The right of action may be sustained upon other grounds.   It is evident that this settlement, between the defendants and the laborers, was matter of mutual arrangement and consent between all the parties, the laborers, Deland their employer, the plaintiff and the defendants.   The plaintiff was requested to furnish, and did furnish, his claims against the laborers, to be used in that settlement, in payment and satisfaction of their claims.   They were so used, and in this way were satisfied and discharged as against the laborers.   The laborers paid these claims to the defendants, by deducting the amount against each respectively from his claim for labor.   In this view the defendants are liable to the plaintiff for money had

Beach *v.* Hungerford.

and received to his use. In another view they may be held liable as purchasers or assignees of these accounts from the plaintiff, which they used and canceled in a matter where they had undertaken to act, and to satisfy claims made against them. In this view I do not conceive it to be at all material whether those claims were well founded against them or not. The plaintiff had no interest in inquiring whether the defendants were, in point of law, liable to pay these claims or not. It was sufficient for him that they so far acknowledged the obligation as to settle and arrange them, and that, in doing so, they used his accounts against the claimants, by turning them in as part payment. Unless the plaintiff can collect the amount of these several accounts from the defendants, it is quite certain that he has lost it. He can never resort to the laborers, because they have once paid to persons who were authorized to receive payment, and paid in the precise manner in which it was expected they would; and, indeed, in contemplation of law, in the manner in which the plaintiff agreed to accept payment. The defendants are therefore liable to the plaintiff whether they were originally liable to the laborers or not. The statute of frauds has nothing to do with the case. Their undertaking was new and original, and the consideration sufficient.

The judgment of the special term must therefore be affirmed.

[MONROE GENERAL TERM, March 5, 1855. *Johnson, Welles* and *T. R. Strong*, Justices.]